IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL SCOTT REEDER, <br> # 232010, <br><br> Petitioner, <br><br> v. <br><br> KIM TOBIAS THOMAS, *et al.*, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 2:11cv1012-TMH <br> )              (WO) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On or around November 23, 2011, Michael Scott Reeder ("Reeder"), a state inmate serving a 19-year sentence for a 2003 manslaughter conviction in the Circuit Court of Lowndes County, Alabama, filed this action on a form normally utilized for filing petitions for writ of habeas corpus under 28 U.S.C. § 2254. *See* Doc. No. 1. Careful consideration of Reeder's petition and supporting memorandum of law (Doc. No. 2), as well as the other pleadings Reeder has filed in this action (*see* Doc. Nos. 3-6 and 8-10), reveals that Reeder presents claims that (1) he is being denied "meaningful access to the courts" because the inadequacy of the law library at the prison where he is incarcerated (Bibb County Correctional Facility in Brent, Alabama)[1] has hindered his efforts to litigate post-conviction claims challenging his manslaughter conviction, and (2) during his incarceration in various state prison facilities, the Alabama Department of Corrections ("ADOC") has provided him

---

[1] The Bibb County Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

with inadequate medical care and treatment for his high cholesterol, high blood pressure, and hepatitis-C infection.[2]  Doc. No. 1-1 at 2-6; Doc. No. 2.

The proper vehicle for a state prisoner to assert an "access to courts" claim premised on an allegedly inadequate law library or inadequate legal resources is a civil rights action pursuant to 42 U.S.C. § 1983, not a habeas corpus action.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998).  Likewise, the proper vehicle for a state prisoner to challenge the adequacy of medical care while incarcerated is a § 1983 action.  *See McKinnis v. Mosely*, 693 F.2d 1054, 1056-57 (11th Cir. 1982) (citing *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979), for proposition that "challenges to *conditions* of confinement may proceed" as civil rights actions).  Reeder's claims should be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983.  Because Reeder asserts claims that are not amenable to federal habeas review, his petition should be dismissed.

Also before the court are Reeder's motions seeking preliminary injunctions premised on the claims asserted in his petition.  Doc. Nos. 3-5.  In view of the undersigned's recommendation to dismiss Reeder's petition, these motions are due to be denied as moot.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that

1. The 28 U.S.C. § 2254 petition for habeas corpus relief be DISMISSED without

---

[2]  Reeder's allegations of inadequate medical care appear to refer to events that date back to as early as 2003, when he began to serve his sentence, up to the time his filed the instant petition. While serving his sentence for manslaughter, he has apparently been incarcerated in ADOC facilities in Montgomery County, St. Clair County, and Bibb County.

prejudice; and

    2. The motions seeking preliminary injunctions (Doc. Nos. 3-5) be DENIED as moot.

It is further

ORDERED that on or before **May 15, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of May, 2012.

                                  /s/ Wallace Capel, Jr.
                                  WALLACE CAPEL, JR.
                                  UNITED STATES MAGISTRATE JUDGE